UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| *Edward J. Hartson, Advanced Commercial Contracting, Inc. And Hartson Holdings, L.L.C.* | CIVIL ACTION |
| **VERSUS** | NO: 11-00505 |
| *Aubert Law Firm, L.L.C., Christopher Aubert And Continental Casualty Company* | SECTION: "B" |

ORDER AND REASONS

For the following reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand be **DENIED.** (Rec. Doc. Nos. 8, 9).

The issue before the Court is whether Mr. Aubert is a citizen of the state of Louisiana, which would destroy this Court's subject matter jurisdiction and warrant remand. Removal of a case to federal court is proper if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).; *Addo v. Glove Live and Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir.2000). A party may remove a case to federal court if the requirements for diversity jurisdiction are met. 28 U.S.C. §§ 1332, 1441. Diversity of citizenship must exist both at the time of filing of suit in state court and at the time of removal to

1

federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.1996). In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence and may receive affidavits, deposition testimony, or live testimony concerning the facts underlying the citizenship of the parties. *Id.* This Court has wide discretion in considering evidence in making a jurisdictional determination. *Id.*

Mr. Aubert himself and Aubert L.L.C. are the only defendants in this current action. It is well-settled law that the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). Being that Mr. Aubert is the only member of Aubert L.L.C., his citizenship alone is the controlling factor concerning the diversity of both himself and the LLC. A person's citizenship for diversity purposes is determined by two elements: 1)the person's physical presence in a state, and 2)the person's intent to remain there indefinitely. *Acridge v. The Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir.2003). Also for diversity purposes, citizenship means domicile, and residing in a state is not enough alone to confer citizenship. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). A person's domicile is the person's "true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom" *Id, citing Stine v. Moore*, 213

F.2d 446, 448 (5th Cir. 1954). A person's domicile persists until a new one is acquired or it is clearly abandoned. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir.1996). To determine a litigant's domicile, "the court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* at 251. However, no single factor is determinative, and the court must look at all evidence shedding light on the litigant's intent to establish domicile. *Id.*

Based on the above language, it is clear that determining domicile involves weighing all relevant factors. Plaintiffs allege that Mr. Aubert is registered to vote in the State of Louisiana, but offer no evidence of this assertion. Plaintiffs offer evidence from a website where Mr. Aubert wrote an article with a signature stating "Christopher J. Aubert is a successful lawyer who lives in Covington, Louisiana," but offer no evidence of the date that this article was written. As a result, this evidence is afforded little weight.

However, the following evidence appears worthy in the process of determining domicile, including: 1)Mr. Aubert reporting to the State Bar of Texas that his work address and primary practice

3

location are in Covington, Louisiana (Rec. Doc. No. 8-5); 2)Mr. Aubert, the registered agent for Aubert Law Firm, L.L.C., filed a report, in this year, with the Secretary of State for Louisiana, reporting his address as being within Covington, Louisiana (Rec. Doc. No. 8-2); and 3)Mr. Aubert is registered with the Secretary of State for Louisiana as an officer of a separate L.L.C., and also reported his address there as being within Covington, Louisiana. (Rec. Doc. No. 8-3).  The forgoing evidence, however, pales in comparison to the defendants' evidence.

After Hurricane Katrina, Mr. Aubert sold his damaged home in Covington, Louisiana and moved to Texas; and, in 2008, Mr. Aubert purchased a home in Texas, all of which is confirmed by his 2005-2010 income tax return statements.  (Rec. Doc. No. 9-1 pg 11-15). Mr. Aubert is in good standing with the Texas Bar since 2006 (Texas Bar 24054867), and Mr. Aubert and his wife maintain Texas Driver's Licenses. (Rec. Doc. No. 9-1 pg. 10).  Based on a 24 item affidavit of Mr. Aubert, all six of the Aubert children are full time students at schools located in Texas, except the youngest, who is six months old. (Rec. Doc. No. 9-1 pg. 1-2).  Mr. Aubert is registered to vote in Texas (Rec. Doc. No. 9-1 pg. 10), belongs to various clubs and organizations (Rec. Doc. No. 9-1 pg. 2), and has held season tickets for major league baseball teams since 2007. (Rec. Doc. No.  9-1 pg. 8).

Conversely, according to his affidavit, (Rec. Doc. No. 9-1 pg.

4

1-5), Mr. Aubert has had neither a Louisiana Drivers License nor been registered to vote in Louisiana since 2005. Mr. Aubert owns no real property in the state of Louisiana and does not maintain an apartment or other residence in the state of Louisiana. The only connection between Mr. Aubert and the state of Louisiana is the fact that an office of The Aubert Law Firm, LLC is located in Covington, Louisiana; and, although that office was the original business premises of The Aubert Law Firm, the firm also has two offices in the state of Texas. The office is not a residence, and neither Mr. Aubert nor anyone else lives at the office in Covington, Louisiana.

Based on the weight of these factors, it is clear that Mr. Aubert's domicile is within the state of Texas. As a result, complete diversity of citizenship exists among all plaintiffs and all defendants.

New Orleans, Louisiana this 1st day of June, 2011.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE