**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**EDWARD J. HARTSON ET AL.**                                          **CIVIL ACTION**


**VERSUS**                                                                        **NO. 11-505**


**AUBERT LAW FIRM LLC ET AL.**                                    **SECTION "H"(2)**


## ORDER & REASONS

Before the Court is a Motion to Dismiss Case (Doc. 29) filed by Defendants Aubert Law Firm,

LLC and Christopher Aubert. The Motion is GRANTED. Plaintiffs' claims against Defendants are

perempted under Louisiana law and are dismissed with prejudice.

### BACKGROUND

This case is a legal malpractice claim related to services Defendants provided as a result of

a fire in May 2003. Plaintiffs hired Defendants to represent them in any litigation resulting from

the fire. The petition filed in state court on January 4, 2011, alleges that Defendants failed to

counsel Plaintiffs adequately regarding a 2004 release of claims against an insurance agent related

to the fire (the "Insurance Coverage Litigation"). The petition also alleges that Defendants improperly handled claims against the parties responsible for the fire (the "Fire litigation"). Defendants removed the action to this Court on March 2, 2011. (Doc. 1.)

Defendants filed the current motion on March 13, 2012 (Doc. 29), and Plaintiffs opposed the motion on March 27, 2012 (Doc. 35). Defendants filed their Reply on April 5, 2012. (Doc. 39.) The Court heard oral argument on the Motion on April 11, 2012, and took the Motion under submission at that time. For the reasons stated below, the Motion is granted.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.

*Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insuperable

bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.  *Jones*

*v. Bock,* 549 U.S. 199, 215 (2007).  Accordingly, it is appropriate for a court to grant a 12(b)(6)

motion to dismiss when a claim is time barred.  *Id.*

### LAW & ANALYSIS

Defendants ask the Court to dismiss the claims against them as perempted.  In response,

Plaintiffs argue that their claims are not perempted because the Louisiana fraud exception found

in Section E of La. R.S. § 9:5606 applies to this case.  The Court finds that Section E does not apply

and dismisses Plaintiffs' claims as perempted.

A claim for legal malpractice is perempted three years from the date of the alleged act or

omission.  La. Rev. Stat. Ann. § 9:5605 (West 20111); *Williams v. Webre*, 876 So.2d 858, 861 (La.

App. 4 Cir. 2004).  Peremption is a period of time fixed by law for the existence of a right.  Unless

timely exercised, the right is extinguished upon the expiration of the peremptive period.  La. Civ.

Code art. 3458. While liberative prescription merely prevents the enforcement of a right by action,

"[i]t does not terminate the natural obligation. Peremption, however, destroys or extinguishes the

right itself.  Public policy requires that rights to which peremptive periods attach are extinguished

after the passage of a specific period of time.  Accordingly nothing may interfere with the running

of a peremptive period." *Reeder v. North*, 701 So.2d 1298, 1298 (La. 1997). The peremptive period

may not be interrupted or suspended or renounced, and exceptions such as contra non valentem

3

are not applicable. *Id.* Louisiana case law is replete that fraud alleged to have occurred after the

legal malpractice is not applicable; that is, Section E applies only where the fraudulent act is the

act of malpractice itself.[1]

In the case at bar, the undisputed pertinent dates are as follows:

• August 20, 2004 - Release signed;

• May 6, 2005 - Lawsuits filed in both matters; Hartson Holdings excluded from both;

• February 10, 2009 - the District Court granted the exception of Res Judicata on the

  Insurance Coverage Litigation and dismissed the suit;

• Trial court denied motion for new trial;

• December 29, 2009 - Louisiana Fifth Circuit affirmed the exception of the trial court;

• April 9, 2010 - Louisiana Supreme Court denied writs;

• January 4, 2011 - present suit filed.

Plaintiffs, in brief and in oral argument, do not dispute that the underlying alleged acts of

malpractice occurred on August 20, 2004 and May 6, 2005 respectively. Accordingly, the clear

---

[1]*See, e.g., Smith v. Slattery,* 877 So.2d 244, 249 (La. App 2 Cir. 2004)("In cases of legal malpractice, the jurisprudence applying [La. C.C.P. art. 856] does so in cases where it was the fraudulent act itself that constituted the malpractice, and not for fraud in the actions taken after the legal malpractice has occurred."); *Atkinson v. LeBlanc,* 860 So.2d 60, 65 (La. App. 5 Cir. 2003)(court would not apply 9:5605 (E) where the malpractice did not involve the fraudulent conduct at issue); *Brumfield v. McElwee*, 976 So.2d 234, 240 (La. App 4 Cir. 2008)(court refused to apply 9:5605 (E) where the allegations of fraud concerned only action of firm and attorneys after alleged malpractice took place).

wording of the statute provides that these causes of action were perempted on August 20, 2007 and May 6, 2008. When on the face of the complaint, the plaintiff's claims are prescribed, the burden shifts to the plaintiff to show an exception to the prescription. *Lima V. Schmidt*, 595 So.2d 624 (La. 1972).

In the case at bar, Plaintiffs allege that Defendants committed fraud thereby triggering Section E of the peremption statute and as a result the peremption time limit does not apply. Plaintiffs further allege in paragraphs XXV, XXVI, XXXIV, XXXV, XXXVI and XL of the petition that Defendants fraudulently concealed the malpractice committed on August 20, 2004 and May 6, 2005. These alleged acts of fraud all took place after the alleged acts of malpractice. As Section E applies only to cases in which the malpractice itself was fraudulent, Section E does not apply to this case, and the one-year and three-year peremptive periods govern the Court's analysis.

Plaintiffs ignore the clear wording of the statutory language calling for an absolute time bar of three years for legal malpractice claims. Plaintiffs seem to argue that a legal malpractice claim does not ripen into a cause of action until the judgment giving rise to the action is final.[2] This argument has been addressed and discarded by the Louisiana Supreme Court in *Reeder*, where the Court held the plaintiff's claim was time-barred because he did not file suit within three years from the date of the negligent act, even though he did not discover the basis for his claim until after the

---

[2]This argument applies only to the Insurance Coverage Litigation and not to the Fire Litigation.

time expired. This Court is aware, as was the Louisiana Supreme Court in *Reeder*, that the statutory language may lead to harsh results. The court in *Reeder* reasoned, "[t]he Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all."

**CONCLUSION**

The Motion to Dismiss case is granted. Plaintiffs' claims against Defendants are perempted under Louisiana law and are dismissed with prejudice. Judgment shall be entered in accordance with this order.

New Orleans, Louisiana, on this 4th day of May, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE